Andrea C. Wood
40 Hilldale Court
Orinda, CA 94563
Tel. 415-375-1686 Email:
dreacwood@gmail.com

**FILED**
JUL 22 2019
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

ANDREA C. WOOD

Plaintiff

v.

ACACIA CHIDI, EDYTH WILLIAMS, and
COUNTY OF CONTRA COSTA

Defendant

**JURY TRIAL DEMANDED**

CASE NO.
**CV 19-4202 LB**

COMPLAINT

**COMPLAINT FOR VIOLATION OF 42 U.S.C. §1983
and FOURTEENTH AMENDMENT**

**JURISDICTION**

1

1. This is an action for relief, proximately the result of conduct engaged in by the Acacia Chidi, Edyth Williams, and County of Contra Costa in violation of 42 U.S.C. §1983 and Fourteenth Amendment.

2. This Court has personal jurisdiction over the Defendants because all factual allegations derive from violations of 42 U.S.C. §1983 and Fourteenth Amendment and for the sake of judicial expediency, this Court has supplemental jurisdiction over all other claims, brought now or ever, that are so related to claims in the actions of the parties within such original jurisdiction that they form part of the same dispute pursuant to 28 U.S.C. §1367.

3. This Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §1331 and 1338 (federal question jurisdiction). Jurisdiction is premised upon the Federal defendants' violation of 42 U.S.C. §1983 and Fourteenth Amendment.

**VENUE**

4. Venue is proper in this district pursuant to 28 U.S.C. §§1391 and 1400 because the bulk of Plaintiff's business is transacted in the County of Contra Costa, California, and for the Defendants that do not, and for the sake of judicial expediency, this Court has supplemental jurisdiction over the Defendants that

49 are so related to claims in the actions of the parties within such original
50 jurisdiction that they form the Court's jurisdiction is invoked pursuant to 28
51 U.S.C. §§1331, 1343.

52 **THE PARTIES**
53
54 5. Plaintiff, Andrea C. Wood (hereinafter "Plaintiff"), is a *sui juris* resident of
55 Orinda, Cal. residing at:

56 40 Hilldale Court
57 Contra Costa County
58 Orinda, California
59 +1 (415) 375-1686

60 6. Federal defendant Acacia Chidi (hereinafter "Chidi"), sued in her individual
61 capacity, is a *sui juris* resident of places unknown and is a Social Worker III
62 at Contra Costa County Family and Child Services with a principal place of
63 business at:

64 500 Ellinwood Way
65 Contra Costa County
66 Pleasant Hill, California 94523
67 +1 (925) 602-9266

68 7. Federal defendant Edyth Williams (hereinafter "Williams"), sued in her
69 individual capacity, is a *sui juris* resident of places unknown and is a Social
70 Worker at Contra Costa County Family and Child Services with a principal
71 place of business at:

      500 Ellinwood Way
      Contra Costa County
      Pleasant Hill, California

Federal defendant County of Contra Costa (hereinafter "County") is a county in the U.S. State of California, covering an area of 716 square miles, consisting of a population of 1.1 million residents with a principal place of business at:

      751 Pine Street
      Contra Costa County
      Martinez, California 94553
      (925) 313-1180

## STATEMENT OF FACTS

8. On August 17, 2017, TP (age 14), HP (age 12), and KP (age 7) were removed from Plaintiff's, the biological mother's, home entering without an Access Order, without warrant, no authorization to enter, and without an Order of Temporary Removal all in violation of §340(b) of the Juvenile Dependency Law ("JDL') – forceable entry; there was no imminent danger present.

9. The biological father of TP, HP, and KP, Jeremy Packwood passed away in 2007.

10. Notwithstanding having visitations with TP and KP, Federal Defendant Williams never arranged visitations with HP even when HP went on the record in Superior Court to state that he wished to have visitation with Plaintiff.

11. Federal defendant Williams stated under oath under the penalty of felony "that HP was open to visits with his mother" or words to that effect; Williams did not schedule those either. This was the latest violation of the JDL in the matters of HP – family unification requirements.

12. Plaintiff was told she could write letters and did write letters to HP in December 2017 and August 2018. Williams testified the letters were appropriate, but the letters Williams never delivered to HP that hampers reunification.

13. Settlement of Katie A. law - requires that HP receive mental health medical care after being 5150'd for suicidal tendencies, but HP was blocked from visits with Plaintiff in violation of §362.1 of the JDL - shortly afterwards HP started contemplating suicide.

14. Without Plaintiff's authorization, Plaintiff's counsel, Mary Carey, stated on the record "Your honor, I had made a request that there be no contact between my client (Plaintiff) and HP." Upon information and belief Carey made the premeditated, malicious intent to harm HP, to physically separate the family, and remove HP from Plaintiff.

15. On January 9, 2018 Federal defendant Kellie Case testified "not that I recall" when asked "Did HP ever tell you that his mother (Plaintiff) hit him on more than one occasion," prompting a disapproving look from Judge Lois, leading Ms. Case who had already testified, to stumble and say "Can I correct that?" Haight exploded back "What? Yes." Federal defendant Case, followed the Judge's lead, changed her testimony to "Yes, he did" notwithstanding that a moment earlier she attested to no such recollection.

16. On July 12, 2019, in a meeting with Federal defendant Chidi, Plaintiff made a demand that Chidi set a visitation with HP by July 19, 2019. Federal defendant Chidi failed to set up the visitation schedule which reluctantly led to this Complaint.

## 42 U.S.C. 1983 -- LEGAL STANDARD

17. 42 U.S.C. §1983 provides in pertinent part:

Every person who, under color of any statute, ordinance, regulation, customer usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The elements of a §1983 claim are:

   a. a "person";

   b. acted under "color of law"; and

   c. deprived another person of a constitutional right.

136   18. A State is not a person under 42 U.S.C. §1983, but a City is a person under
137   the law (*Will v. Michigan Department of State Police* 49 US 58 109 S. Ct.
138   2304 105 394 L. Ed 2d 45 [1989]).
139   19. State or City officials acting in their official capacities are not persons under
140   42 U.S.C. §1983, but State or City officials acting in their individual
141   capacities are persons under the law.
142   20. Federal defendants Chidi, Williams, Case, and County are persons.
143   21. Federal defendant Chidi, Williams, and Case are persons who acted "under
144   color of state law" when they failed to arrange visitations for HP and
145   Plaintiff.
146   22. Thus, Plaintiff maintains that liability under §1983 has been established as:
147
148   a. Federal defendants Chidi, Williams, Case, and County were on duty;
149   b. Federal defendants Chidi, Williams, Case, and County hold
150   themselves out as public officials;
151   c. Federal defendants Chidi and Williams invoked the authority of their
152   office and in their individual capacities when they failed to arrange
153   visitation for HP and Plaintiff. As of even date below, Plaintiff has not
154   seen HP in two years.

155   **FOURTEENTH AMENDMENT – LEGAL STANDARD**

23. Section One of the Fourteenth Amendment to the United States Constitution provides:

> [N]or shall any State deprive any person of life, liberty, or property, without due process of law.

24. In the past thirty-five years, the case law reads and is authority that:

   a. It is well settled that parents have a substantive due process right to the custody of their children and, except in emergency circumstances, a procedural due process right to a pre-deprivation child custody hearing.

   b. The Fourteenth Amendment imposes a requirement that except in emergency circumstances, judicial process must be accorded both parent and child before removal of the child from his or her parent's custody may be effected.

   c. "[A] parent may . . . bring suit under a theory of violation of his or her right to substantive due process . . . . Parents have a 'substantive right under the Due Process Clause to remain together [with their children] without the coercive interference of the awesome power of the state.'") (quoting *Tenenbaum v. Williams*, 193 F.3d 581, 600 (2d Cir. 1999) (second alteration in original)); *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 275 (2d Cir. 2011); and

   d. "The interest of natural parents 'in the care, custody, and management of their child' is a 'fundamental liberty interest protected by the Fourteenth Amendment.'" (quoting *Santosky v. Kramer*, 455 U.S. 745, 483 753 (1982)).

25. In stating a claim of a violation of procedural due process, Plaintiff alleges:

(1) the existence of a property or liberty interest that was deprived (the biological Mother of the wrongly removed HP) and (2) deprivation of that

interest without due process as a result of shocking, arbitrary, and egregious failures to arrange a visitation schedule for HP.

26. In stating a claim of a violation of substantive due process, Plaintiff alleges that: (1) she had a valid property or liberty interest (the biological mother of the wrongly removed HP), and (2) that interest was infringed upon in an arbitrary or irrational manner (the arbitrary failure to arrange a visitation schedule).

27. Further, Plaintiff maintains that, quoting *Tenenbaum*, that removal of HP "was 'so shocking, arbitrary, and egregious that the Due Process Clause would not countenance it even where it accompanied by full procedural protection.'" *Cox v. Warwick Valley Cent. Sch. Distr.*, 654 F.3d 267, 275 (2d Cir. 2011) (quoting *Tenenbaum*, 193 F.3d at 600):

   a. So shocking in that HP had the benefit of a nanny and a handyman who provided fabulous meals from a fully stocked pantry and was whisked away without notice, Access Order, warrant, or Order of Temporary Removal;

   b. So arbitrary as visitation schedules were in place for KP, but not HP.

   c. So egregious in the glaring, flagrant actions of Federal defendants, Contra Costa County Family and Child Services brought a neglect

petition in less than 12 hours later that it was palmed off on JUudge lois Haight who, upon information and belief, rubber stamped the Petition as is customary among the "good 'ole girls club among Child Protective Services, Orinda County Family Court, and the Deputy County Attorney" that caused the removal of HP.

28. As a result, by a. to c. above, Plaintiff has suffered the shock of her conscience that persists to this day.

29. Plaintiff had single handedly raised the minor child HP since the age of 1 ½ after the death of Jeremy Packwood, her husband and HP's father.

30. Emergency circumstances did not exist then and do not exist now to warrant the shocking, arbitrary, and egregious removal of the minor child HP from Plaintiff's custody contrary to the legal standard of neglect – it is not even close.

31. In the Matters of HP the burden of proof is on the County, and they have not met such burden – it is not even close.

32. Upon information and belief, the once happy-go-lucky HP suffers from anger management issues and suicidal tendencies.

**FEDERAL DEFENDANTS ACACIA CHIDI, EDYTH WILLIAMS, and KELLIE CASE ARE NOT ENTITLED TO QUALIFIED IMMUNITY**

229 33. The United States Supreme Court has stated that qualified immunity is the
230    norm, absolute immunity is the exception (*Harlow v. Fitzgerald*, 457 U.S.
231    800, 807, 810-11 (1982)).

232 34. In Balcerzak, Stephanie E. "<u>Qualified Immunity for Government Officials</u>:
233    The Problem of Unconstitutional Purpose in Civil Rights Litigation. Vol. 95,
234    No. 1 (Nov. 1985) pp. 126-147. The Yale Law Journal, the author stated:

235    In Harlow, the Supreme Court fundamentally altered the qualified
236    immunity defense available to an official charged with a constitutional
237    violation in a civil rights action for damages. Under Harlow, an official is
238    <u>entitled to immunity unless his conduct violates a "clearly established"</u>
239    <u>constitutional right</u> (emphasis supplied).

240 35. All constitutional rights are expressly stipulated and written in the U.S.
241    Constitution, which is the supreme law of the land, meaning that any other
242    laws which are in contradiction with it are considered unconstitutional and
243    thus regarded as invalid.

244 36. The Fourteenth Amendment to the U.S. Constitution provides:

245    [N]or shall any State deprive any person of life, liberty, or property,
246    without due process of law.

247 37. Then, while not a constitutional right, but important nonetheless, there is:

248    42 U.S.C. §1983 which provides in pertinent part:

249    Every person who, under color of any statute, ordinance, regulation,
250    custom or usage, of any State or Territory or the District of Columbia,
251    subjects, or causes to be subjected, any citizen of the United States or

other person within 620 the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress (emphasis supplied).

38. In *Mirales v. Wako* 502 U.S. 9 (1991), the U.S. Supreme Court stated "…our cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. *Forrester v. White*, 484 U.S., at 227 -229; *Stump v. Sparkman*, 435 U.S., at 360 [502 U.S. 9, 12] Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. Id., at 356-357; *Bradley v. Fi*

## COUNT ONE

### VIOLATION OF 42 U.S.C 1983
**(Federal Defendants Acacia Chidi, Edyth Williams, Kellie Case, and County of Contra Costa)**

39. Plaintiff repeats and realleges each and every allegation contained in paragraph "18" through "__" as though fully set forth herein.

40. As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **FIFTY**

MILLION DOLLARS (**$50,000,000**) as well as punitive damages, costs, and attorney's fees.

## COUNT TWO
## VIOLATION OF FOURTEENTH AMENDMENT
**(Federal Defendants Acacia Chidi, Edyth William, Kellie Case, and County of Contra Costa)**

41. Plaintiff repeats and realleges each and every allegation contained in paragraph "18" through "__" as though fully set forth herein.

42. As a result of the Defendants' acts, Plaintiff now suffers and will continue to suffer injury and monetary damages, and that Plaintiff is entitled to damages sustained to date and continuing in excess of the amount of **FIFTY MILLION ($50,000,000)** as well as punitive damages, costs, and attorney fees.

**WHEREFORE,** a judgment is respectfully demanded:

    a. Awarding against the individually named Federal defendant such punitive damages as the jury may impose, but not less than **ONE HUNDRED MILLION DOLLARD ($100,000,000)**;

    b. Awarding against the individually named Federal defendant such compensatory damages as the jury may determine, but not less than such punitive damages as the jury may impose, but not less than **ONE HUNDRED MILLION DOLLARS ($100,000,000)**;

    c. Permanently enjoining the Federal defendants Acacia Chidi, Edyth Williams, and County from further violation of 42 U.S.C. §19 and violation of the Fourteenth Amendment;

      d.  Awarding reasonable attorney's fees and costs; and,

      e.  Granting such other and further relief as this Court deems just and proper.

**JURY TRIAL IS DEMANDED**

Plaintiff demands a trial by jury on all claims so triable.

**Dated: July 22, 2019**
**Orinda, Cal.**

**For Plaintiff:**

*/s/ Andrea C. Wood*

**Andrea C. Wood**

JS-CAND 44 (Rev. 07/19)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
ANDREA C. WOOD

**DEFENDANTS**
ACACIA FIELDS, BAPI WILLIAMS, COUNTY OF CONTRA COSTA

**(b) County of Residence of First Listed Plaintiff** *(EXCEPT IN U.S. PLAINTIFF CASES)*
CONTRA COSTA

**County of Residence of First Listed Defendant** *(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) Attorneys** *(Firm Name, Address, and Telephone Number)*

**Attorneys** *(If Known)*

CV 19-4202 LB

| II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)* | III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)* | | | | |
|---|---|---|---|---|---|
| | | PTF | DEF | | PTF DEF |
| 1  U.S. Government Plaintiff     ✓ 3  Federal Question *(U.S. Government Not a Party)* | Citizen of This State | ✓1 | ✓1 | Incorporated *or* Principal Place of Business In This State | 4  4 |
| 2  U.S. Government Defendant    4  Diversity *(Indicate Citizenship of Parties in Item III)* | Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5  5 |
| | Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6  6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC § 881 | 422 Appeal 28 USC § 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury – Product Liability | 690 Other | 423 Withdrawal 28 USC § 157 | 376 Qui Tam (31 USC § 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | **LABOR** | **PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 710 Fair Labor Standards Act | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment Of Veteran's Benefits | 330 Federal Employers' Liability | 368 Asbestos Personal Injury Product Liability | 720 Labor/Management Relations | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | **PERSONAL PROPERTY** | 740 Railway Labor Act | 835 Patent—Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | 370 Other Fraud | 751 Family and Medical Leave Act | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 790 Other Labor Litigation | **SOCIAL SECURITY** | 470 Racketeer Influenced & Corrupt Organizations |
| | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | 791 Employee Retirement Income Security Act | 861 HIA (1395ff) | 480 Consumer Credit |
| 160 Stockholders' Suits | 360 Other Personal Injury | 385 Property Damage Product Liability | | 862 Black Lung (923) | 485 Telephone Consumer Protection Act |
| 190 Other Contract | 362 Personal Injury -Medical Malpractice | | **IMMIGRATION** | 863 DIWC/DIWW (405(g)) | 490 Cable/Sat TV |
| 195 Contract Product Liability | **CIVIL RIGHTS** | **PRISONER PETITIONS** | 462 Naturalization Application | 864 SSID Title XVI | 850 Securities/Commodities/ Exchange |
| 196 Franchise | ✓440 Other Civil Rights (AW) | **HABEAS CORPUS** | 465 Other Immigration Actions | 865 RSI (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | 441 Voting | 463 Alien Detainee | | **FEDERAL TAX SUITS** | 891 Agricultural Acts |
| 210 Land Condemnation | 442 Employment | 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 893 Environmental Matters |
| 220 Foreclosure | 443 Housing/ Accommodations | 530 General | | 871 IRS–Third Party 26 USC § 7609 | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 445 Amer. w/Disabilities– Employment | 535 Death Penalty | | | 896 Arbitration |
| 240 Torts to Land | 446 Amer. w/Disabilities–Other | **OTHER** | | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 448 Education | 540 Mandamus & Other | | | |
| 290 All Other Real Property | | 550 Civil Rights | | | 950 Constitutionality of State Statutes |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee– Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

✓1 Original Proceeding   2 Removed from State Court   3 Remanded from Appellate Court   4 Reinstated or Reopened   5 Transferred from Another District *(specify)*   6 Multidistrict Litigation–Transfer   8 Multidistrict Litigation–Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
42 U.S.C. 1983
Brief description of cause:
Failure to begin family reunification

**VII. REQUESTED IN COMPLAINT:**
CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.
DEMAND $ 100 000 000
CHECK YES only if demanded in complaint:
JURY DEMAND: ✓Yes   No

**VIII. RELATED CASE(S), IF ANY** *(See instructions)*:
JUDGE                                      DOCKET NUMBER

**IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)**
*(Place an "X" in One Box Only)*   ✓ SAN FRANCISCO/OAKLAND     SAN JOSE     EUREKA-MCKINLEYVILLE

DATE 7/22/2019          SIGNATURE OF ATTORNEY OF RECORD


Andrea Wood
Pro Se

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611143729
Cashier ID: nuness
Transaction Date: 07/22/2019
Payer Name: Andrea C. Wood
------------------------------------
CIVIL FILING FEE
 For: Andrea C. Wood
 Case/Party: D-CAN-3-19-CV-004202-001
 Amount:          $400.00
------------------------------------
CASH
 Amt Tendered: $400.00
------------------------------------
Total Due:      $400.00
Total Tendered: $400.00
Change Amt:     $0.00

LB


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```