SHARON L. ANDERSON (SBN 94814)
County Counsel
SEAN M. RODRIQUEZ (SBN 286668)
Deputy County Counsel
COUNTY OF CONTRA COSTA
651 Pine Street, Ninth Floor
Martinez, California 94553
Telephone:   (925) 335-1800
Facsimile:    (925) 335-1866
Electronic Mail: sean.rodriquez@cc.cccounty.us

Attorneys for Defendants
COUNTY OF CONTRA COSTA, ACACIA
CHIDI and EDYTH WILLIAMS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA C. WOOD,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ACACIA CHIDI, EDYTH WILLIAMS, and COUNTY OF CONTRA COSTA,<br><br>　　　　Defendants. | No. C19-04202 LB<br><br>DEFENDANTS ACACIA CHIDI, EDYTH WILLIAMS AND COUNTY OF CONTRA COSTA'S MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT |
| | Date:   September 5, 2019<br>Time:   9:30 a.m.<br>Crtrm: B, 15th Floor<br>Judge: Hon. Laurel Beeler, Presiding<br>Date Action Filed: July 22, 2019<br>Trial Date: None Assigned |

TO PLAINTIFF ANDREA C. WOOD, IN PROPRIA PERSONA:

　　　　PLEASE TAKE NOTICE that on September 5, 2019 at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom B, 15th Floor of the above-entitled court, located at 450 Golden Gate Avenue, San Francisco, California, Defendants Acacia Chidi, Edyth Williams and County of Contra Costa will and hereby do move the Court for an order under

Federal Rules of Civil Procedure, Rules 12(b)(1) and 12(b)(6), dismissing the complaint on the grounds that this action is barred under the claim-splitting doctrine, there is a lack of subject-matter jurisdiction over the allegations, the complaint fails to allege sufficient facts to state a claim for relief, and Defendants are immune from suit.  Defendants also move the Court to declare Plaintiff a vexatious litigant

      This motion is supported by this notice, the memorandum of points and authorities, the request for judicial notice, all the papers and records on file in this action, and such other materials as may be submitted at or before the hearing on the motion.

DATED: August 12, 2019        SHARON L. ANDERSON
                                           COUNTY COUNSEL

                                      By:   */s/ Sean M. Rodriquez*
                                                 SEAN M. RODRIQUEZ
                                                 Deputy County Counsel
                                                 Attorneys for Defendants
                                                 ACACIA CHIDI, EDYTH WILLIAMS and
                                                 COUNTY OF CONTRA COSTA

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1
II. FACTUAL ALLEGATIONS ........................................................................................... 1
III. ISSUES TO BE DECIDED .............................................................................................. 2
IV. DISMISSAL OF THIS LAWSUIT IS PROPER ............................................................. 2
    A. This Lawsuit is Barred by the Claim-Splitting Doctrine ..................................... 2
    B. *Younger* Abstention is Proper .............................................................................. 5
    C. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims ..................................... 7
    D. The Domestic Relations Exception Bars Plaintiff's Claims ............................... 9
    E. Defendants Are Entitled to Absolute Immunity .................................................. 9
    F. Plaintiff Has Failed to Allege a Violation of Her Constitutional Rights ......... 9
    G. Defendants Are Entitled to Qualified Immunity ............................................... 11
V. THE COURT SHOULD DECLARE PLAINTIFF A VEXATIOUS LITIGANT .... 12
VI. CONCLUSION ................................................................................................................ 13

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

i

# TABLE OF AUTHORITIES

**Cases**

*Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007) ................................... 2, 3

*Alberici v. County of L.A.*, 2013 U.S. Dist. LEXIS 146362 (C.D. Cal. Oct. 9, 2013) ............. 9

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ........................................................................ 9

*Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912 (9th Cir. 2001) ......................... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ................................................................................... 10

*City of Canton v. Harris*, 489 U.S. 378 (1989) ....................................................................... 11

*City of Escondido v. Emmons*, 202 L. Ed. 2d 455 (2019) ...................................................... 11

*Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321 (9th Cir. 1995) ................................ 3

*Commc'n Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011
    (9th Cir. 1999) ..................................................................................................................... 7

*Constantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982) ....................................... 3

*Cooper v. Ramos*, 704 F.3d 772 (9th Cir. 2012) ................................................................... 7, 8

*County of Sacramento v. Lewis*, 523 U.S. 833 (1998) ............................................................ 10

*H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610 (9th Cir. 2000) .................................................. 6

*Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982
    (10th Cir. 2002) ................................................................................................................... 3

*In re Matthew C.*, 9 Cal. App. 5th (2017) ................................................................................. 8

*In re T.H.*, 190 Cal. App. 4th 1119 (2010) ............................................................................ 8, 9

*Kisela v. Hughes*, 138 S. Ct. 1148 (2018) ............................................................................... 11

*Kougasian v. TMSL, Inc.*, 359 F.3d 1136 (9th Cir. 2004) ........................................................ 7

*Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062 (9th Cir. 2013) ............................ 10

*Leubner v. County of San Joaquin*, 2012 U.S. Dist. LEXIS 102164
    (E.D. Cal. July 23, 2012) .................................................................................................... 8

*M&A Gabaee v. Cmty. Redev. Agency of City of Los Angeles*, 419 F.3d 1036
    (9th Cir. 2005) ..................................................................................................................... 6

*Meza v. Meza*, 2013 U.S. Dist. LEXIS 77225 (C.D. Cal. May 2, 2013) ............................. 7, 8

*Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423 (1982) ...................... 6

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047 (9th Cir. 2007) ..................................... 12

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

ii

*Moore v. Sims*, 442 U.S. 415 (1979)...................................................................................... 6, 7

*Mullenix v. Luna*, 136 S. Ct. 305 (2015) ................................................................................. 11

*Noel v. Hall*, 341 F.3d 1148 (9th Cir. 2003)...............................................................................7

*Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986) ...............6

*Pearson v. Callahan*, 555 U.S. 223 (2009)............................................................................. 11

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) ........................................................................7

*Safapou v. Marin County of California*, 2018 U.S. Dist. LEXIS 220163
  (N.D. Cal. Jan. 23, 2018).................................................................................................9

*Salah v. Contra Costa Children & Family Servs.*, 2018 U.S. Dist. LEXIS 162157
  (N.D. Cal. Sept. 21, 2018) ...............................................................................................6

*Thompson v. Thompson*, 798 F.2d 1547 (9th Cir. 1986) ............................................................9

*Todd v. Barhke*, 604 Fed. Appx. 558 (9th Cir. 2015) ................................................................8

*United States v. Haytian Republic*, 154 U.S. 118 (1894) ..........................................................2

*United States v. Ramirez-Ortiz*, 370 F.Supp. 3d 1151 (S.D. Cal. Feb 27, 2019) ................... 10

*White v. Pauly*, 137 S. Ct. 548 (2017) ..................................................................................... 11

*Wood v. Chidi, et al.*, 3:19-cv-04202-LB ..................................................................................3

*Wood v. County of Contra Costa, et al.*, 3:19-cv-04266-MMC ................................................3

*Wood v. County of Contra Costa, et al.*, 5:19-cv-03885-EJD ..................................................3

*Wood v. County of Contra Costa, et al.*, 3:19-cv-02678-LB ....................................................3

*Wood v. Williams, et al.*, 3:19-cv-04247-EMC .........................................................................3

*Younger v. Harris*, 401 U.S. 37 (1971)......................................................................................6

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

iii

## I. INTRODUCTION

Dissatisfied with the progress of the state juvenile court dependency proceedings involving her minor children, Plaintiff has filed multiple federal lawsuits against the parties involved in those proceedings, including judges, attorneys, and social workers. In this particular lawsuit, Plaintiff accuses two social workers, Edyth Williams and Acacia Chidi, as well as the County of Contra Costa, of failing to arrange visitations between Plaintiff and one of the children, HP.

This case should be dismissed under the claim-splitting doctrine, as Plaintiff has filed this lawsuit, as well as several others arising from the same set of facts, as part of an apparent campaign to harass the Defendants. Alternatively, this case should be dismissed for failure to state a claim upon which relief may be granted. This case is barred under the *Younger* abstention doctrine, the *Rooker-Feldman* doctrine, and the domestic relations exception. Moreover, Plaintiff has failed to state facts that show she is entitled to relief, and the Defendants are immune from suit.

Defendants further move the Court to declare Plaintiff a vexatious litigant, and to impose a pre-filing order preventing her from filing additional meritless lawsuits against the parties associated with her dependency proceedings.

## II. FACTUAL ALLEGATIONS[1]

Plaintiff's minor children were removed from her home on August 17, 2017. (ECF No. 1, p. 4.) The attorney representing Plaintiff in the dependency proceedings specifically requested that there be no visitations between Plaintiff and minor child HP. (*Id.* at p. 5.)

During an unspecified period of time, social worker Edyth Williams did not arrange visitations between Plaintiff and minor HP, even though Plaintiff had visitations with her other two children, and even though HP stated on the record that he wished to have a visitation with Plaintiff. (*Id.* at p. 5.) Williams stated under penalty of perjury that HP was open to visits with his mother, or "words to that effect," but she did not schedule any visits. (*Id.*)

---

[1] Accepted for purposes of this motion only.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

1

Someone told Plaintiff she could write letters to HP, and Plaintiff wrote letters to HP in December 2017 and August 2018.  (*Id*.)  Williams testified that the letters were appropriate, but she did not deliver the letters to HP.  (*Id*.)  HP started contemplating suicide after he was blocked from visits with Plaintiff.  (*Id*.)

On July 12, 2019, Plaintiff demanded that social worker Acacia Chidi schedule a visitation with HP by July 19, 2019.  Chidi did not set up a visitation by that date, which led Plaintiff to file this lawsuit.  (*Id*. at p. 6.)

### III.   ISSUES TO BE DECIDED

1. Is this lawsuit barred by the claim-splitting doctrine?
2. Should the Court abstain from hearing a case related to a pending state court action?
3. Are the claims barred by the *Rooker-Feldman* doctrine?
4. Are the claims barred by the domestic relations exception?
5. Are Defendants entitled to absolute immunity?
6. Does the complaint fail to state facts that show Plaintiff is entitled to relief?
7. Are Defendants entitled to qualified immunity?
8. Should the Court declare Plaintiff a vexatious litigant and impose a pre-filing order?

### IV.   DISMISSAL OF THIS LAWSUIT IS PROPER

#### A.   This Lawsuit is Barred by the Claim-Splitting Doctrine

A party is "required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 693-94 (9th Cir. 2007).  A party is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail.  There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894).  The purpose of the claim-splitting doctrine is to "protect the Defendant from being harassed by repetitive actions based on the same claim," and to promote judicial economy and convenience. *Clements v. Airport Auth. of Washoe Cnty.*, 69 F.3d 321, 328 (9th

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

2

Cir. 1995). A motion to dismiss based on claim-splitting is properly brought before final judgment is entered. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002).

In assessing whether successive causes of action are sufficiently the same, so that a particular suit is barred, the court considers the four criteria adopted in the context of claim preclusion. *Adams*, 487 F.3d at 689. These criteria include: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits include infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts." *Id*. The fourth criteria is the "most important." *Id*. (quoting *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)).

The claim-splitting doctrine applies here, and warrants dismissal of this action with prejudice. Plaintiff filed a case raising identical claims regarding Williams' failure to schedule visitations with HP on May 17, 2019, in *Wood v. County of Contra Costa, et al.*, No. 19-cv-2678 (N.D. Cal.). After briefing on the motion to dismiss was complete, and the day after the Court vacated the hearing date and stated that the matter was suitable for decision without oral argument, Plaintiff dismissed the case in its entirety. (Case No. 19-cv-2678, ECF Nos. 39, 40.)

Plaintiff then proceeded to file several additional lawsuits against Williams and the other defendants, which are pending in the Northern District of California. *See, e.g., Wood v. Chidi, et al.*, 3:19-cv-04202-LB; *Wood v. Williams, et al.*, 3:19-cv-04247-EMC; *Wood v. County of Contra Costa, et al.*, 3:19-cv-04266-MMC.[2] Each of those lawsuits references the removal of Plaintiff's children and alleges various improprieties arising thereafter, such as the failure to take one of the children to school, or efforts to coerce testimony during the dependency proceedings. The complaint in Case No. 3:19-cv-04266 contains virtually

---

[2] Plaintiff also filed a petition for writ of habeas corpus, requesting that her children be returned to her custody. *See Wood v. County of Contra Costa, et al.,* 5:19-cv-03885-EJD (N.D. Cal.).

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

3

identical allegations regarding Williams' alleged failure to deliver letters or arrange visits with HP.  (*Compare* Case No. 3:19-cv-04202-LB, ECF No. 1, pp. 5-6, *with* Case No. 3:19-cv-04266-MMC, ECF No. 1, pp. 8-9.)

In the meantime, a person identifying himself as P. Stephen Lamont[3] presented himself to Defendants and their counsel of record as representing Plaintiff.  Lamont sent numerous, harassing emails to Williams and Chidi, calling them names and warning them that they would lose their jobs due to the volume of litigation against them.  (*See* Decl. of Sean Rodriquez ("Rodriquez Decl."), Ex. A., p. 2 (Lamont email referring to Chidi as the County's "resident TPR Social Fucker"), p. 4 (Lamont email telling Williams, "If you and your lesbian friends think you can do anything you want, how about if I make sure you do it at the unemployment office"); p. 5. (Lamont email stating, "A month or two and the County will deem [Chidi] a real liability and she is Gonzo").)

Lamont also threatened to file more lawsuits until counsel's eyes were "swimming in their sockets," and he expressed his intent to "unleash the dogs of war in Federal Court."  (Rodriquez Decl., Ex. A, pp. 1, 3.)  Even though there is no basis to conclude that Lamont is an attorney or is licensed to practice law in any state, Lamont's emails reflect that he is conducting the litigation in this case and in Plaintiff's other lawsuits.  (*Id.* at p. 1 (Lamont email threatening to file additional actions); p. 2 (Lamont email stating that Plaintiff instructed him to bring another lawsuit); p. 3 (Lamont email stating that he has a "practice" in New York, and threatening to file additional federal claims).)

In applying the claim-splitting doctrine, the most important consideration is whether Plaintiff's lawsuits arise out of the same transactional nucleus of facts.  This factor weighs strongly in favor of dismissal.  Each of Plaintiff's several lawsuits arises out of the same operative set of events, namely, Plaintiff's state court dependency proceedings.  Plaintiff is

---

[3] Lamont has a well-documented history of harassing parties and attorneys.  Lamont previously filed multiple lawsuits collaterally attacking his own dependency proceedings.  In light of his inappropriate conduct in connection with those lawsuits, the Honorable Judge Kenneth M. Karas of the Southern District of New York issued an order barring Lamont from filing new cases against Westchester County or any of its employees without prior leave of the court.  *See* Case No. 1:18-cv-08707-KMK (S.D.N.Y), ECF No. 5, p. 3.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

4

frustrated with the progress of those proceedings, and has apparently decided to harass and intimidate the individuals associated with them by filing numerous duplicative, meritless cases. This is precisely the type of conduct that the claim-splitting doctrine is intended to prevent.

The remaining factors also weigh in favor of dismissal. Each of Plaintiff's lawsuits pertains to the removal, custody, and welfare of her children. The adjudication of any right or interest in one case would destroy or impair the prosecution of the other. Indeed, it is presumably because the Court expressed its intent to rule on the motions to dismiss Plaintiff's previous lawsuit without a hearing, and out of concern that an adverse ruling would preclude any future recovery, that Plaintiff voluntarily dismissed the action.

The suits would also involve substantially the same presentation of evidence, namely, testimony and documentation regarding the dependency proceedings and the status of Plaintiff's children. And the lawsuits involve the same set of parental and custodial rights.

After learning that the Court intended to rule on the motions to dismiss her previous lawsuit without argument, Plaintiff dismissed that action. She then filed three more lawsuits collaterally attacking her state court dependency proceedings. Through Lamont, Plaintiff verbally assaulted Defendants, and threatened to file additional lawsuits so the County would deem Williams and Chidi a liability and terminate their employment. Rather than reward Plaintiff's campaign of intimidation, and her improper attempt to use the federal courts to undermine the state court proceedings, Defendants respectfully request that the Court dismiss this action in its entirety with prejudice.

**B.** *Younger* **Abstention is Proper**

This case is subject to *Younger* abstention, as it is premised on Plaintiff's dissatisfaction with her ongoing state court dependency proceedings. Plaintiff's allegations reflect that her own attorney recommended against visitations between Plaintiff and HP, that Plaintiff does not have custody over HP, and that Plaintiff's ability to visit HP is therefore subject to court order. Further, Plaintiff's dependency proceedings remain pending. Plaintiff is seeking appellate review of the juvenile court's orders, and that appeal is currently before

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

5

the California Court of Appeal.  (*See* Request for Judicial Notice, Ex. A (Docket for California Court of Appeal Case No. A155450, *Contra Costa County Children & Family Services Bureau v. A.W.*).)

*Younger* abstention therefore applies.  *Younger v. Harris*, 401 U.S. 37, 49-53 (1971).  *Younger* abstention arises from "strong policies counseling against the exercise of [federal] jurisdiction where particular kinds of state proceedings have already been commenced."  *Ohio Civil Rights Comm'n v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 626 (1986).  The policies underlying *Younger* abstention apply to state court "civil proceedings in which important state interests are involved."  *Moore v. Sims*, 442 U.S. 415, 423 (1979).  This includes juvenile dependency proceedings.  *See, e.g., Salah v. Contra Costa Children & Family Servs.*, No, 18-cv-004700-YGR, 2018 U.S. Dist. LEXIS 162157 (N.D. Cal. Sept. 21, 2018).

Under *Younger*, federal courts should abstain from entertaining an action where: (1) state court proceedings are pending when the federal action is filed; (2) the federal proceedings implicate important state interests; and (3) the state proceedings provide an adequate opportunity to raise federal claims.  *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982); *M&A Gabaee v. Cmty. Redev. Agency of City of Los Angeles*, 419 F.3d 1036, 1039 (9th Cir. 2005).  All three factors are met here.

Plaintiff's state court proceedings are ongoing, and Plaintiff is currently seeking appellate review of the juvenile court's orders.  On appeal, Plaintiff may challenge any alleged infringements on her ability to visit HP.  *See In re Matthew C.*, 9 Cal. App. 5th 1090, 1103 (2017) (California Court of Appeal decision reviewing juvenile court order prohibiting parental visitations).  The first requirement for *Younger* abstention is therefore satisfied.

In addition, juvenile dependency cases implicate important state interests.  *See H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 612-14 (9th Cir. 2000) (holding that custody proceedings are "precisely the type of case suited to *Younger* abstention").  The second requirement for *Younger* abstention is also satisfied.

///

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

6

Further, the Supreme Court has held that state judicial processes are sufficient for "deciding the constitutional questions that may arise in child-welfare litigation." *Moore*, 442 U.S. at 435. State court proceedings are presumed adequate to raise federal claims "in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Plaintiff bears the burden of showing that state procedural law bars her from presenting her federal claims. *See Commc'n Telesystems Int'l v. California Pub. Util. Comm'n*, 196 F.3d 1011, 1020 (9th Cir. 1999) (citing *Pennzoil*, 481 U.S. at 14). Plaintiff cannot meet that burden here, and the third and final *Younger* requirement is also satisfied.

Each of the requirements for *Younger* abstention has been met. The underlying state court dependency proceedings are currently pending. Those proceedings implicate important state interests, and state court proceedings are presumed adequate to raise federal claims. The Court should therefore dismiss this case, or stay proceedings pending resolution of the underlying state court action.

### C. The *Rooker-Feldman* Doctrine Bars Plaintiff's Claims

Insofar as the state court proceedings could be considered final, Plaintiff's claims are barred under the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, only the Supreme Court has jurisdiction to review a challenge to a state court order. A federal district court lacks subject matter jurisdiction over a suit that is a de facto appeal from a state court ruling, and a party is precluded from litigating an issue that is "inextricably intertwined" with the state court decision from which the de facto appeal is taken. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004); *Noel v. Hall*, 341 F.3d 1148, 1158 (9th Cir. 2003). A federal claim is "inextricably intertwined" with the state court ruling "'if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it.'" *Cooper v. Ramos*, 704 F.3d 772, 778 (9th Cir. 2012) (quoting *Pennzoil*, 481 U.S. at 25 (Marshall, J., concurring)).

"The *Rooker-Feldman* doctrine is commonly implicated by aggrieved parents seeking to essentially undo what is done by a Juvenile Court in dependency proceedings." *Meza v. Meza*, No. 12-CV-01777-GAF (VBK), 2013 U.S. Dist. LEXIS 77225, at *21 (C.D. Cal. May

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

7

2, 2013).  The doctrine precludes challenges to state court orders "regarding custody and visitation," as well as claims that are "'inextricably intertwined' with those orders."  *Todd v. Barhke*, 604 Fed. Appx. 558, 559 (9th Cir. 2015) (unpublished) (quoting *Cooper*, 704 F.3 at 779).

At the heart of this lawsuit is Plaintiff's frustration over her restricted visitations with HP.  (*See* ECF No. 8 at p. 21.)  However, California law recognizes the juvenile court's broad leeway in limiting parental visits.  *In re Matthew C.*, 9 Cal. App. 5th at 1103.  California law also authorizes the court to delegate to a third party, such as a social worker, the responsibility of managing visit details, including their time, place, and manner.  *In re T.H.*, 190 Cal. App. 4th 1119, 1123 (2010).  A parent may seek review of his or her visitation privileges before the California Court of Appeal.  *See id.; In re Matthew C.*, 9 Cal. App. 5th 1090.

The appropriate venue for challenging the denial or limitation of visitation rights is thus in state court—not federal court.  The *Rooker-Feldman* doctrine prohibits Plaintiff from attempting to undo the state court orders removing her children from her custody, restricting her visitation rights, or deferring to social workers the responsibility to decide the time, place, and manner in which visits are scheduled.  Otherwise stated, Plaintiff is prohibited from expanding her visitation rights by seeking relief in federal court.  Such relief would necessarily be premised on an impermissible "rejection of the Juvenile Court's rulings and orders."  *Meza*, 2013 U.S. Dist. LEXIS 77225, at *25; *see also Leubner v. County of San Joaquin*, No. 2:08-cv-0853, 2012 U.S. Dist. LEXIS 102164, at *42-44 (E.D. Cal. July 23, 2012) (explaining that federal district court lacked authority to "consider or re-consider juvenile court's judicial decisions concerning visitation and placement of the children.")

It is immaterial for purposes of federal court jurisdiction that Plaintiff has framed this lawsuit as an action for monetary damages.  Plaintiff's prayer for the relief is "contingent upon a finding that the state court decision was in error."  *See Cooper*, 704 F.3d at 782.  Plaintiff's allegations regarding the social workers' failure to arrange visitations are "a fig leaf for taking aim at the state court's own alleged errors.  It is precisely this sort of horizontal review of state court decisions that the *Rooker-Feldman* doctrine bars."  *Id*.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

8

### D.    The Domestic Relations Exception Bars Plaintiff's Claims

Under the domestic relations exception to federal court jurisdiction, "federal district courts lack jurisdiction over claims regarding child custody issues, which are exclusively matters of state law." *Safapou v. Marin County of California*, No. 17-cv-07042, 2018 U.S. Dist. LEXIS 220163, *13-14 (N.D. Cal. Jan. 23, 2018) (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 702-04 (1992)). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." *Thompson v. Thompson*, 798 F.2d 1547, 1558 (9th Cir. 1986), *aff'd*, 484 U.S. 174 (1988).

Here, the proper forum for Plaintiff to seek additional visitation rights, or to challenge any restrictions on her visitation or communication privileges, is state court. The juvenile court has an intimate familiarity with the parties, as well as the nature of the physical and/or emotional harm that warrants the minor child's ongoing removal, and it is in the best position to ensure that the interests of the parent and child are satisfied. If a parent takes issue with the juvenile court proceedings, the parent may seek review in the California Court of Appeal, as Plaintiff is currently doing. Dismissal is therefore proper, as federal judicial intervention in this case would necessarily entail deep involvement in ongoing domestic matters.

### E.    Defendants Are Entitled to Absolute Immunity

Plaintiff's claims against Williams and Chidi arise from their involvement in the state court dependency proceedings, including their alleged role in scheduling visitations. As noted *ante*, California law contemplates that the juvenile court may defer to social workers the task of scheduling parental visitations. *See In re T.H.*, 190 Cal. App.4th at 1123. Williams and Chidi are immune from suit based on their role in implementing the court's visitation orders involving HP. *See Alberici v. County of L.A.*, No. 12-cv-10511-JFW, 2013 U.S. Dist. LEXIS 146362 at * 89 (C.D. Cal. Oct. 9, 2013) (ruling that defendant social workers were immune from suit in following court's visitation orders).

### F.    Plaintiff Has Failed to Allege a Violation of Her Constitutional Rights

The Ninth Circuit has recognized that parents may assert a substantive due process claim based on the deprivation of companionship with their children through official conduct.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

9

*See Lemire v. Cal. Dep't of Corr. and Rehab.*, 726 F.3d 1062, 1075 (9th Cir. 2013). However, in order to state a due process claim, a Plaintiff must allege conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *See County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998). This standard poses a "high hurdle" for a party seeking relief. *See United States v. Ramirez-Ortiz*, 370 F.Supp. 3d 1151, 1154 (S.D. Cal. Feb 27, 2019). Plaintiff cannot make the required showing, and dismissal is proper.[4]

Plaintiff states that her own attorney requested that there be no visitations between Plaintiff and HP. (ECF No. 1, p. 5.) Consistent with this request, Plaintiff alleges that Williams did not arrange visitations with HP during an unspecified period of time. (*Id.*) Plaintiff also alleges that Williams did not deliver letters to HP. (*Id.*) Plaintiff further alleges that, on July 12, 2019, she "demanded" Chidi to schedule a visit with HP by July 19, 2019, but Chidi failed to schedule a visit by that date. (*Id.* at 6.)

These threadbare accusations against Williams and Chidi fail to give rise to a constitutional violation. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that "[t]hreadbare recitals of cause of action, supported by mere conclusory statements, do not suffice"). The due process clause only guards against conduct that "shocks the conscience." The allegations do not meet that threshold.

Here, Plaintiff's children have been removed from her custody. Plaintiff's own attorney requested that there be no visits between Plaintiff and HP. The complaint does not state that the court authorized visitations between Plaintiff and HP, or discuss the terms of any such authorization. Nor does the complaint state that HP's attorney and/or guardian authorized visitations or other communications between Plaintiff and HP, or that Williams or Chidi had the ability to schedule such visitations or communications following the request by

///

///

---

[4] The complaint raises separate claims under 42 U.S.C. § 1983 and the Fourteenth Amendment. The two claims are one and the same, as "a litigant complaining of a violation of a constitutional right does not have a direct cause of action under the United States Constitution but must utilize 42 U.S.C. § 1983." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

10


Plaintiff's counsel that such contact not occur.  The accusations in the complaint are insufficient to establish that Williams or Chidi engaged in conduct so outrageous or egregious so as to be deemed conscience shocking.

The complaint also names Contra Costa County as a party to this lawsuit.  However, the complaint does not plead any allegations against the County or establish a basis on which County may be held liable.  There is no respondeat superior or vicarious liability in an action brought under 42 U.S.C. § 1983.  *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

The complaint therefore fails to state a valid constitutional claim against Defendants. Plaintiff's children were removed from her custody, and Plaintiff's counsel requested that there be no contact between Plaintiff and HP.  That Plaintiff's efforts to visit or communicate with HP may have been restricted accordingly does not violate the Fourteenth Amendment. Defendants therefore request that the Court dismiss this action in its entirety.

### G. Defendants Are Entitled to Qualified Immunity

The complaint fails to allege a constitutional violation.  However, the Court need not reach that issue.  Even if the Court were to hold that the complaint states a valid claim, Defendants would be entitled to qualified immunity.  *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (holding that court may dismiss action on qualified immunity grounds based on lack of clearly established authority without first addressing whether conduct was unconstitutional).

As the Supreme Court has "explained many times: 'Qualified immunity attaches when an official's conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'"  *City of Escondido v. Emmons*, 202 L. Ed. 2d 455, 459 (2019) (per curiam) (quoting *Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (per curiam)).  To qualify as clearly established, "'existing precedent must have placed the statutory or constitutional question beyond debate.'"  *White v. Pauly*, 137 S. Ct. 548, 551 (2017) (per curiam) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015)).  The clearly established precedent must be "particularized" to the facts of the case; "general statements" of the law are insufficient.  *Id*. at 552.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

11

There is no clearly established authority holding that a parent has a constitutional right to visitations or to other contact with her child during the course of ongoing, contested dependency proceedings, especially when her own attorney has requested that there be no such visitations. And specifically as to Chidi, there is no authority holding that a parent has a constitutional right to visit her child on the date of her choosing, with only a week's notice. Williams and Chidi are therefore entitled to qualified immunity, and the claims against them should be dismissed with prejudice.

## V. THE COURT SHOULD DECLARE PLAINTIFF A VEXATIOUS LITIGANT

Plaintiff has now filed five federal court cases involving her state court dependency proceedings, including four civil rights lawsuits and a habeas petition seeking custody over her children. Defendants move the Court to declare Plaintiff a vexatious litigant, and to issue a pre-filing injunction barring Plaintiff from filing yet more lawsuits against the County of Contra Costa, the County's employees, and the judges, social workers, and attorneys assigned to her detention proceedings.

In determining whether to enter a pre-filing order, the court considers a variety of factors, including:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing, or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to the other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057-58 (9th Cir. 2007).

These factors strongly counsel in favor of declaring Plaintiff a vexatious litigant and issuing a pre-filing order. Plaintiff initially filed a single federal lawsuit collaterally attacking her state dependency proceedings. The day after the Court expressed its intent to dismiss that lawsuit without holding argument, Plaintiff voluntarily dismissed the case. Plaintiff then filed three more civil rights lawsuits, each naming Defendant Williams and the County of Contra Costa. These suits were filed in addition to Plaintiff's pending habeas petition.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

12

  Plaintiff's motive in pursuing the litigation is clear.  Plaintiff is dissatisfied with the state court rulings against her, she wants her children returned to her custody, and she is dissatisfied with the social workers assigned to her dependency proceedings.  Plaintiff therefore seeks to undo the state court's rulings through federal litigation, which she is prohibited from doing, and to convince the County that the social workers pose such significant liability that the County should terminate their employment.  Plaintiff is not represented by counsel, although she has obtained the services of someone who has falsely presented himself as an attorney, and who is overseeing the litigation on her behalf.

  Plaintiff has caused needless expense to the parties and to the Court.  Plaintiff waited to dismiss her first action after briefing on the parties' motions to dismiss was complete, and after the Court expressed its intent to rule on the pleadings.  Plaintiff then proceeded to file multiple redundant lawsuits.  Through Lamont, Plaintiff declared her intent to file so many cases that counsel's eyes would be "swimming in their sockets," and to "unleash the dogs of war" in federal court.  (Rodriquez Decl., Ex. A, pp. 1, 3.)  Other sanctions would be inadequate, where Plaintiff has made clear her intent to barrage the County and its employees with meritless litigation.

## VI. CONCLUSION

  This lawsuit is nothing more than an improper attempt to harass and intimidate Defendants.  Plaintiff previously filed a lawsuit against the County raising nearly identical claims.  When briefing in that case was complete, and the Court was set to rule on the motions to dismiss that case without holding argument, Plaintiff dismissed the action.  She then filed multiple new lawsuits, each of which names Defendant Williams and the County of Contra Costa, and each of which constitutes an impermissible, meritless collateral attack on the ongoing state court dependency proceedings.

  Plaintiff is unable to state a valid claim against Defendants, and this case constitutes an improper abuse of the federal judicial system.  Defendants therefore respectfully request that the Court dismiss this action with prejudice, and enter an order declaring Plaintiff a vexatious litigant.

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

13

DATED: August 12, 2019        SHARON L. ANDERSON
                              COUNTY COUNSEL


                              By:    */s/ Sean M. Rodriquez*
                                    SEAN M. RODRIQUEZ
                                    Deputy County Counsel
                                    Attorneys for Defendants
                                    ACACIA CHIDI, EDYTH WILLIAMS and
                                    COUNTY OF CONTRA COSTA

DEFENDANTS' MOTION TO DISMISS THE COMPLAINT, AND REQUEST TO DECLARE PLAINTIFF A VEXATIOUS LITIGANT - Case No. C19-04202 LB

14