1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7   ANDREA WOOD,                          Case No.  3:19-cv-04202-JD
8              Plaintiff,
                                          **ORDER RE MOTION TO DISMISS**
9        v.                               Re:  Dkt. No. 16
10  ACACIA CHIDI, et al.,
11             Defendants.
12  ANDREA WOOD,                          Case No.  3:19-cv-04247-JD
13             Plaintiff,
14       v.
                                          Re: Dkt. No. 10
15  EDYTH WILLIAMS, et al.,
16             Defendants.

17         This order resolves pending motions to dismiss in two cases brought by pro se plaintiff

18  Andrea Wood against the County of Contra Costa and certain of its employees.  Dkt. No. 16 in

19  Case No. 19-cv-4202; Dkt. No. 10 in Case No. 19-cv-4247.  Both suits arise out of juvenile

20  dependency hearings.  *Wood v. Chidi* challenges the county's refusal to provide plaintiff visitation

21  with one of her children.  *Wood v. Williams* asserts causes of action based on another child's being

22  required to repeat a grade.  Defendants' requests to declare Wood a vexatious litigant will be taken

23  up in a separate order.  Because the parties are familiar with the facts, the Court does not repeat

24  them here except as relevant to the motions.  The motions are granted, and Wood may amend.

25         The complaints are dismissed because of the domestic relations exception to federal

26  jurisdiction.  The "domestic relations exception . . . divests the federal courts of power to issue

27  divorce, alimony, and child custody decrees."  *Ankenbrandt v. Richards*, 504 U.S. 689, 703

28  (1992); *see also Bridgeman v. County of Contra Costa*, Case No. 20-cv-00649-JD, 2020 WL

978624, at *1-2 (N.D. Cal. Feb. 28, 2020). Wood's cases fall squarely into this last category. Her children have been removed from her custody pending juvenile dependency proceedings, and she challenges the conditions of the state custody through her suits. *Ankenbrandt* recognized "sound policy considerations" supported the domestic relations exception. 504 U.S. at 703. In particular, "decrees of this type not infrequently involve[] retention of jurisdiction by the court and deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than are federal courts." *Id.* at 703-04.

Wood's argument that the domestic relations exception does not apply because this is a suit for money damages is not supported by precedent. Even if it were a cognizable legal theory, it would not control here as she seeks injunctive relief against the government defendants. Dkt. No. 1 at 13 in Case No. 19-cv-4202; Dkt. No. 1 at 18 in Case No. 19-cv-4247.

The Court strikes Docket Numbers 8 and 19 in Case No. 19-cv-4247. Federal Rule of Civil Procedure 5.2(a) requires "the name of an individual known to be a minor," to be redacted in federal court filings. Docket Number 8 contains the unredacted name of individual identified as a minor in other filings, and Docket Number 19 contains an identifiable picture of a minor.

Since the Court cannot say that any amendment would necessarily be futile and leave to amend "when justice so requires" is to be granted with "extreme liberality," Wood may amend her complaints by May 1, 2020. *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) (citations omitted). If this deadline is not feasible in light of the public health situation, the parties may agree on a new date by stipulation. If the parties cannot agree, a party may ask the Court to extend the deadline. Failure to respond to this order by May 1, 2020, will result in dismissal of Wood's claims without further leave to amend. No new claims or parties may be added without the prior approval of the Court.

**IT IS SO ORDERED.**

Dated: March 31, 2020

_____
JAMES DONATO
United States District Judge

2